## TOLEDO V. HIGGINS.

1. EVIDENCE TO SHOW KNOWLEDGE OF THE CITY OF DEFECTS IN ITS SIDEWALKS.

In an action for damages for injuries received by reason of a defective sidewalk, it is not error to allow witnesses to testify that they were in the habit of passing along the street, and that the sidewalk, in the immediate vicinity of the place where the injury occurred, had been taken up and relaid, and tha the planks were unequal and that there were some holes in the sidewalk; such evidence being received for the purpose of showing knowledge on the part of the city of the defects in the sidewalk.

2. CHARGE AS TO THE DUTY OF A CITY TOWARDS NEGLIGENT PERSONS.

In an action for injuries caused by the negligence of a city, it is not error for the court to refuse to charge the jury to the effect that the city owes no duty to persons who, thoughtlessly, or without the use of proper precaution for their own safety, expose themselves to manifest perils, or who by the use of ordinary and reasonable care, might avoid injury to themselves.

3. EXCESSIVE DAMAGES.

Where plaintiff has received an injury, and as the result of such injury, plaintiff's arm is permanently weakened so that it will not be able to do full work again, a verdict for $1200, rendered by the jury, will not be considered excessive so as to warrant a reversal of such judgment.

HAYNES, J.

This case of the *City of Toledo*, v. *Clara Higgins* was prosecuted for the purpose of reversing the judgment of the court of common pleas.

There are three principal points made, and one is that the verdict is not sustained by sufficient evidence and is contrary to law; another is that the court refused to charge the jury certain requests that were requested; and the third is that the judgment is excessive.

The record shows that a petition was filed simply to recover from the defendant below damages for an injury that occurre to the plaintiff below, Clara Higgins, by reason of a defective place in the sidewalk on Wisconsin street, into which Clara had stepped or stumbled in the dark, on a dark night, whereby she had been thrown to the ground and her arm broken and she had received severe injuries.

The testimony shows, we think, very clearly, that the injury happened in the manner in which the plaintiff stated in her testimony, which corroborated the statements of her petition.

Criticism was made as to the testimony, but we see no reason to doubt that there was a place in the sidewalk into which her feet either slipped or upon which she stumbled in passing over it, and that she was thrown and injured. She was seen to fall by two disinterested witnesses and was picked up by them lying in the condition which she has stated.

She testifies that she fell and that she went home, and the next day visited a physician, and thereupon he told her that her arm was broken and set it. It appears by the testimony that the doctor some time after discharged her, thinking that her arm was well; but that the arm commenced swelling about that time and continued to do so until finally some of the bones worked out, and she consulted another physician near

her and he examined the wound, as he testifies, and discovered that there had been a sloughing off of the bone at the mouth or opening of the wound, and he took out the affected bones and took such steps for the recovery of the patient as surgery would seem to require, and the result was that she recovered in time, but with an arm that is smaller and is defective; it is not straight, so that she is permanently, or apparently permanently, injured, and the body is permanently weakened for labor and heavy labor especially.

The plaintiff, for the purpose of showing knowledge on the part of the city of this defect in the sidewalk, offered testimony tending to show by witnesses that they had been in the habit of passing along the street and that the sidewalk in the immediate vicinity of this place had been taken up and relaid and that the planks were unequal and there were some holes in the sidewalk.

This was objected to, the defendant, the city of Toledo, claiming that the testimony should be confined to the statement in regard to the length of time that the hole had existed into which the plaintiff stepped, and that they could not go any further. The court, however, overruled the objection and allowed the testimony to be given of the character which I have stated. In doing so, we think the court did not err in not confining the testimony to the defects in the sidewalk of the character of this by which the injury occurred to the plaintiff.

We have examined this question before in a case where the city of Toledo was a party and we sustained the action of the court below in that case. We think the great body of authorities cited by the counsel for the defendant in error sustains the position which was taken by the court, and we therefore hold that on the facts of the case and the character of the testimony which was offered in this case, that there was no error in permitting the testimony to be given.

It is claimed that the court erred in refusing the third request and the tenth request as prayed by the plaintiff. Primarily, to that, however, it was stated, or rather it was argued that the court erred in not giving these charges prior to the argument of the case to the jury; but the record shows that the defendant below submitted certain requests to the court and asked the court to pass upon them before the case was presented to the jury, with the request that they be included and given as a part of the charge on the court to the jury.

Now, there was no request that the court should charge the jury on these propositions before argument; but only that he pass upon them, which he did do, and the request that he should charge them afterwards as a part of his charge he did also, and he did that in regard to all of them except the 3d and 10th to which exceptions were taken.

The 3d request is this:

"'The city owes no duty to negligent persons,—that is, to persons who thoughtlessly, or who, without using proper precaution for their own safety, expose themselves to manifest perils, or who by the use of ordinary and reasonable care, might avoid injury to themselves."

The 10th, request reads as follows:—

"The city owes no duty to persons that thoughtlessly, or who, without the use of proper precaution for their own safety, expose themselves to manifest perils, or who, by the use of ordinary and reasonable care, might avoid injury to themselves."

The court did charge the jury in regard to the question of contributory negligence, and he charged the jury correctly. He stated to the jury

the liability of the defendant and the plaintiff in that regard very correctly.

We think the court did not err in refusing to charge the jury in the language as prayed in this 3d and 10th request. We do not think the law is better stated than in the language which the court did use in stating the rules of law in that regard, which is laid down by the courts of the state.

The damages that were given were, I believe, $1200. This person has suffered a great deal with a broken arm and suffered a great deal from the result of the injury, because so far as the testimony goes,—so far as the judgment of the witnesses is concerned, the conclusion is drawn that the death of this bone, the sloughing off of this pus and of the bones was the result of the injury. Of course, no man can say absolutely that it is; but it is the best judgment of those who are qualified by their knowledge of surgery, that it did happen from the injury.

As a result of that, the arm is permanently weakened, and in view of all the facts,—in view of the fact that the party may not be able to do full work hereafter, we think the damages are not excessive, and the judgment of the court will be affirmed, but without any penalty.

*C. F. Watts*, City Solicitor, for Plaintiff in Error.

---

## BILL OF EXCEPTIONS.